```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                               )
ILYA LIVIZ, et al.,            )
          Plaintiffs,          )
                               )        CIVIL ACTION
          v.                   )        NO. 19-10596-WGY
                               )
LINDA G. SABLE, et al.,        )
          Defendants.          )
                               )
```

YOUNG, D.J.                                              June 20, 2019

**MEMORANDUM AND ORDER**

For the reasons set forth below, the Court allows plaintiff's motion for leave to proceed in forma pauperis, denies plaintiff's emergency motion and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   BACKGROUND**

Ilya Liviz, proceeding on behalf of himself and his minor son, commenced this action against a state court judge, the Massachusetts Department of Children and Families ["DCF"] and a guardian.  See Docket No. 1.  With his complaint, Liviz filed an emergency motion and a motion for leave to proceed in forma pauperis.  See Docket Nos. 2, 3.

Plaintiff's ten-count complaint seeks to have this Court declare as void a March 1, 2019 order terminating Liviz' parental rights and "further dispensing with [Liviz'] right to any post adoptive decisions and contact with his son."

Complaint, ¶ 2. Among other things, Liviz contends that DCF and the judge colluded with the guardian in order to deprive "Dad and Son their right to familial association." Id. at ¶ 3. The summary of facts consists primarily of a recounting of events surrounding the 2016 placement of Liviz' minor son in the custody of the Massachusetts Department of Children and Families as well as the most recent court order entered on March 1, 2019. Id. at ¶¶ 19 - 39. For relief, Liviz seeks an order enjoining the defendants from "withholding Son's familial association with Dad." Id. at p. 11. He also seeks to have this federal court "void" the March 1, 2019 Order "because of the total denial of Son's or Dad's, procedural due process rights." Id. at p. 12. Finally, seeks damages and a jury trial to "determine the nature and extent of the deprivation of constitutional and stator rights to Son, or Dad." Id.

**II. SCREENING**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such

relief.  See 28 U.S.C. § 1915(e)(2).  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Additionally, a district court has inherent authority to dismiss a frivolous or malicious complaint sua sponte. Lopez v. Baker, No. 18-10183-LTS, 2012 WL 2170325, at *1 (D. Mass. May 10, 2018) (citing Mallard v. United States District Court, 490 U.S. 296, 307-08(1989); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000)).

### III. DISCUSSION

As an initial matter, Liviz' motion to proceed in forma pauperis is allowed.

Although the status of the state court actions are not entirely clear from the complaint, Liviz is clearly dissatisfied with the rulings by the Norfolk County Juvenile Court.  However, this action either is barred by the Rooker-Feldman or the Younger abstention doctrine because Liviz is either impermissibly seeking the assistance of this federal court in reviewing a state court judgment or in interfering with an on-going state proceeding.  The Court, therefore, either has no jurisdiction or should abstain from exercising its jurisdiction. To the extent Liviz seeks emergency injunctive relief, the federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from granting an injunction to stay proceedings in

a state court except in very limited circumstances, none of which apply here.

To the extent that proceedings are ongoing in state court, the Court will abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37 (1971). Under Younger, a federal court must abstain from reaching the merits of a case over which it has jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007). Liviz' request for this federal court to interfere with any of his pending proceedings in a Massachusetts state court warrants Younger abstention.

To the extent Liviz challenges a state court judgment, the Rooker-Feldman doctrine deprives this court of subject matter jurisdiction. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). "Under the Rooker-Feldman doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)). Here, Liviz seeks federal district court review of state court rulings because he believes

that the rulings are wrong and injurious to him. This court finds that Liviz had an adequate opportunity to raise his federal claims in the state proceedings. To adjudicate such claims, this federal court would necessarily be called upon to review the validity of the state courts' orders, which is precluded by the Rooker-Feldman doctrine.

Although the Court often affords plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36-37. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(3).

## IV. CONCLUSION

For the foregoing reasons,

1. The motion to proceed in forma pauperis is ALLOWED.

2. The motion for emergency injunctive relief is DENIED.

3. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk is directed to enter an Order of Dismissal.

**SO ORDERED.**

                                        /s/ William G. Young
                                        WILLIAM G. YOUNG
                                        UNITED STATES DISTRICT JUDGE